MICHAEL J. HEYMAN
United States Attorney

AMY E. MILLER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: amy.miller@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FRANKLIN PIKONGANNA,<br><br>Defendant. | No. 3:24-cr-00066-TMB |

**SENTENCING MEMORANDUM**

The United States recommends imposition of the following sentence:

**INCARCERATION** ....................................................................................... **10 YEARS**
**SUPERVISED RELEASE** ................................................................................. **5 YEARS**
**SPECIAL ASSESSMENT** ...................................................................................... **$100**
**RESTITUTION** ...................................................... **AMOUNT TO BE DETERMINED**
**FINE** ...............................................................................................................**NONE**

**FACTS**

On January 31, 2024, the defendant went into the Shell Food Mart located on E. 15th Ave. PSR ¶ 6. He concealed and intended to steal a Rockstar energy drink, a Redbull, and some candy bars. PSR ¶ 6. When confronted by the female owner, the defendant pulled out a 22 Long Rifle caliber Colt Model Colt 22 semiautomatic pistol and fought with the female employee. PSR ¶ 6. She pushed him out of the building as the male owner tried to assist. PSR ¶ 6. The defendant fired a single shot which hit the male owner in the arm before he fled the scene. PSR ¶ 6. The business closed down for a day which resulted in a loss of revenue. PSR ¶ 6. A shell casing was recovered at the scene.

On February 4, 2024, the defendant went to the hospital after accidently shooting himself in the ankle. PSR ¶ 7. He was in possession of the 22 Long Rifle caliber Colt Model Colt 22 semiautomatic pistol. PSR ¶ 7. Lab tests confirmed the firearm possessed by the defendant fired the shot that hit the Shell Food Mart owner. PSR ¶ 7. When interviewed, the defendant admitted to robbing the store. He described pulling out the gun after taking drinks and fighting with M.C. He admitted to pulling out the gun because he was going to take money. He stated he was not planning to shoot anyone.

**GUIDELINES CALCULATION**

The government agrees with the Guidelines calculation outlined in the presentence report.

**STATUTORY CRITERIA AND RECOMMENDED SENTENCE**

The relevant sentencing criteria set out at 18 U.S.C. § 3553(a) support the United States' recommended sentence. Among the more significant in this case are:

*U.S. v. Pikonganna*
3:24-cr-00066-TMB                    Page 2 of 6
Case 3:24-cr-00066-TMB-MMS    Document 40    Filed 03/12/25    Page 2 of 6

**1. Nature and circumstances of the offense**

This factor weighs in favor of the recommended sentence. The defendant put both store owners at risk of danger and caused significant harm to J.C. He stole a minor amount of merchandise, fought with M.C., and shot J.C. Pikonganna's conduct was extremely dangerous. Although he stated he did not intend to shoot the victim, he pulled out a gun and fired it, nonetheless. This conduct warrants a significant sentence.

**2. History and characteristics of the defendant**

Although the defendant is young, he has significant criminal history and contact with the criminal justice system dating back to the age of 12. His criminal history since the age of 19 includes four prior misdemeanor assault convictions as well as a felony conviction for robbery in the second degree. PSR ¶¶ 17-22. Additionally, he has a pattern of committing new offense while on conditions of pretrial release in existing cases. *Id.* His criminal history also shows a pattern of escalating behavior. Several of his convictions are also connected to alcohol and he is often hostile to law enforcement. *Id.* Notably, the defendant seems to deny he has a problem with substance abuse, but he claimed during his interview with detectives that he was high on meth, was drunk, and had consumed marijuana at the time of this conduct. PSR ¶¶ 51-54. His history weighs in favor of the recommended sentence of imprisonment.

**3. The seriousness of the offense and just punishment**

The defendant first fought with M.C. and then shot J.C. in the course of fleeing a robbery of their store. This type of conduct is extremely serious and warrants a lengthy sentence of imprisonment. As such, the proposed 10-year term of imprisonment is

*U.S. v. Pikonganna*
3:24-cr-00066-TMB                    Page 3 of 6
Case 3:24-cr-00066-TMB-MMS    Document 40    Filed 03/12/25    Page 3 of 6

sufficient to address the seriousness of this crime. Further, when considering the seriousness of the offense with the defendant's past criminal conduct it is a just punishment.

**4. Adequate deterrence**

The proposed 10-year sentence will have specific deterrence for the defendant. To date he has only had short custodial sentences, and only started state felony probation in December of 2023. PSR ¶ 22. He immediately violated in January of 2024 by failing to report to probation, and then by the end of the month he committed this offense. *Id.* His pattern of reoffending while on conditions of release as well as committing this offense while on felony probation shows a lack of regard for the law. The proposed 10-year sentence will be the longest sentence he has ever served. This period of isolation in custody will ideally send a message to the defendant that further recidivism has consequences.

**5. Protection of the public from further crimes**

This factor also weighs in favor of the proposed 10-year sentence followed by 5 years of supervised release. The proposed period of incarceration is warranted to initially protect the community from future crimes. In 2023, he committed four separate crimes in the span of six months. When considering his past criminal conduct with his rapid escalation to violent behavior in this case, a 10 year period of incarceration is justified to protect the community.

Because the defendant is young, he will still have a significant period of his life ahead of him upon release. As such a sentence that balances the need for isolation with rehabilitative aspects is warranted for this defendant. The proposed standard and special conditions are necessary to provide oversight for the defendant upon his release.

*U.S. v. Pikonganna*
3:24-cr-00066-TMB                     Page 4 of 6

Rehabilitative programming as well as 5 years of supervision will provide continued protection for the community.

**6. Avoidance of unwarranted disparities**

Because the guidelines sentence is the mandatory minimum of 10 years, a sentence higher than 10 years would require an upward departure by the Court. USSG §2K2.4(b), application note 2. The government's proposed sentence of 10 years is justified by the sentencing factors and would be consistent with at least one other case in this District for a conviction of 18 U.S.C. § 924(c)(1)(A)(iii). *See United States v. Bol*, 3:19-cr-00077-RRB (Dkt. 66 Count 2, sentence of 120 months). Because the proposed sentence is consistent with the guidelines for this offense, this factor weighs in favor of imposing the mandatory minimum period of incarceration.

## RESTITUTION

At this time, the government requests the Court set a date 90 days after sentencing to make a final determination for restitution. 18 U.S.C. § 3664(d)(5). The government anticipates restitution would include the amount of merchandise stolen by the defendant, the loss of revenue to the store, and restitution related to J.C.'s injuries. The government is taking steps to determine those amounts, and if received prior to the current sentencing date will provide that information to defense and the Court.

*U.S. v. Pikonganna*
3:24-cr-00066-TMB                    Page 5 of 6
Case 3:24-cr-00066-TMB-MMS    Document 40    Filed 03/12/25    Page 5 of 6

<h1 style="text-align:center">CONCLUSION</h1>

Considering the sentencing factors set forth in 18 U.S.C. § 3553(a), the United States is requesting a sentence of 10 years imprisonment followed by 5 years of supervised release, which is sufficient, but not greater than necessary, to achieve the goals of sentencing for this defendant.

RESPECTFULLY SUBMITTED March 12, 2025 at Anchorage, Alaska.

MICHAEL J. HEYMAN
United States Attorney

/s Amy E. Miller
AMY E. MILLER
Assistant United States Attorney
United States of America

### CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2025 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s Amy E. Miller

*U.S. v. Pikonganna*
3:24-cr-00066-TMB                    Page 6 of 6
Case 3:24-cr-00066-TMB-MMS     Document 40     Filed 03/12/25     Page 6 of 6